**UNITED STATES FOOTBALL LEAGUE, et al., Plaintiffs,**

v.

**NATIONAL FOOTBALL LEAGUE, et al., Defendants.**

**No. 84 CIV. 7484 (PKL).**

United States District Court, S.D. New York.

April 30, 1986.

Finley, Kumble, Wagner, Heine, Underberg, Manley, Meyerson & Casey, Spengler Carlson Gubar Brodsky & Frischling, New York City, for plaintiffs.

Davis Polk & Wardwell, Skadden, Arps, Slate, Meagher & Flom, New York City, Covington & Burling, Washington, D.C., for defendants.

## ORDER #7

LEISURE, District Judge:

Defendants ("NFL") have moved to bar plaintiffs ("USFL") from introducing evidence of damages predicated on claims allegedly not pleaded. According to defendants, plaintiffs' proposed damages evidence is based upon a theory of antitrust damage that does not appear in the First Amended Complaint ("amended complaint"). Specifically, this theory provides that were it not for the NFL's violations of the antitrust laws, the USFL would have been able to play football in the Fall starting in the 1983 season. The NFL claims that only on February 9, 1986 did it become aware of plaintiffs' allegation that "the USFL was forced to attempt (unsuccessfully) to compete in the Spring." USFL Conceptual Statement Regarding Expert's Damage Analysis at 2–3 (Feb. 8, 1986). Having been "surprised" by the assertion of this theory at that late date, defendants claim that they will be prejudiced by the introduction of evidence supporting this theory since they have not had the opportunity to conduct discovery to test the basis for plaintiffs' damage theory.

The motion must be denied for the following reasons. First, the amended complaint contains adequate notice of the theory that the NFL's three network contracts created a barrier to the entry of a competitive league into the business of major league professional football. Second, during the course of depositions, more than one USFL owner testified that the decision to play in the Spring was based upon the conclusion that the NFL's three network contracts had enabled it, in effect, to monopolize the television networks for the coverage of professional football played in the Fall.

Defendants contend that at the time this testimony appeared irrelevant to them because no such claim appeared in the amended complaint. Nonetheless, as borne out by the Court's review of the voluminous legal memoranda and documents that have been submitted in this lawsuit, it is clear beyond cavil that it is more advantageous to play major league professional football in the Fall than in the Spring. Thus, in the context of this case, the NFL's disregard of deposition testimony by USFL owners attesting to foreclosure from Fall football defies both reason and common sense.

Third, by its own admission, the NFL became aware of the USFL's damages theory on February 9, 1986, but did not bring this matter to the Court's attention until March 28, 1986. Throughout the course of the pretrial stages of this litigation, the Court has been available to the parties on short notice in order to resolve problems before they became major obstacles to the expeditious completion of this lawsuit. In this instance, however, defendants did not request such a meeting with the Court. Instead they chose to wait six weeks until the end of March before bringing this prob-

lem to the Court's attention. Now, on the eve of trial, they argue that the only remedy for curing the alleged prejudice caused by plaintiff's "new" damages theory is to preclude the introduction of evidence based on such a theory.

Assuming, *arguendo*, that prejudice to defendants truly exists, it has been caused by defendants' unwarranted delay in bringing this matter to the Court's attention. Prejudice, if any, could also be attributed to the NFL's determination to ignore the testimony of certain USFL witnesses that the reason the new league decided to play in the Spring was that there was no chance of obtaining a television network contract for the Fall. Nonetheless, if defendants were truly prejudiced, it is inconceivable that in a case of this magnitude they would have relied upon a motion of this nature to address their concerns about plaintiffs' proof rather than seeking leave to reopen discovery as soon as it became apparent that such a theory was in the case.

In sum, the Court is not persuaded that defendants have been prejudiced through any fault of plaintiffs. In the event there is prejudice, it is due in large part to defendants' delay. Accordingly, the motion to preclude plaintiffs from introducing evidence to support their theory of damages is denied.[1]

Plaintiffs' cross-motion under Fed.R. Civ.P. 11 for sanctions is denied.

SO ORDERED

---

**1.** It appears that defendants also attack the assumptions supporting the USFL's damages theory. This approach fails to give due regard to the basic principle that antitrust plaintiffs are not required to prove damages with mathematical precision. *Cf. J Truett Payne Co. v. Chrysler Motors Corp.*, 451 U.S. 557, 566–67, 101 S.Ct. 1923, 1929–30; 68 L.Ed.2d 442 (1981). To the extent that the NFL challenges the validity of the assumptions underlying the USFL's damages theory, it is asking the Court to invade the province of the jury. *See Autowest, Inc. v. Peugeot, Inc.*, 434 F.2d 556, 566 (2d Cir.1970).